[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas action, the petitioner has alleged, by amended petition dated August 8, 1995, that his confinement is illegal on the basis of his claim that the Commissioner of Corrections has improperly construed his sentences as running consecutive to one another for a total effective sentence of eleven years. The petitioner claims that his sentences were not imposed consecutively to one another and that they should run concurrently with one another for a total effective sentence of seven years. The court finds the following facts and makes the following order.
On March 23, 1990, the petitioner was sentenced by the Superior Court, Judicial District of New Haven in CR7-118508 to a term of fifteen years suspended after ten years confinement for the offense of Robbery in the First degree in violation of C.G.S. § 53a-134 (a)(4). CT Page 4073
On April 10, 1990, the petitioner was sentenced by the Superior Court, G.A. 7 at Meriden in CR7-119136 to a term of confinement of four years for the offense of Robbery in the Second Degree in violation of C.G.S. § 53a-135, to run concurrent with his (then) present sentence.
On November 16, 1990, the petitioner was sentenced by the Superior Court, Judicial District of Hartford in Docket No. 55220 (CR15-109024) to a total effective term of confinement of seven years for the offenses of Kidnaping in the First Degree in violation of C.G.S. § 53a-92 and Robbery in the First Degree in violation of C.G.S. § 53a-134. At the time of sentencing, the court stated that the seven year sentence was to be served consecutive to the sentence that the petitioner was (then) serving. cf. Joint Exhibit C.
On March 3, 1992, the petitioner's sentence in CR7-118508 was vacated.
The petitioner is currently an inmate in the custody of the Commissioner of Corrections.
The petitioner argues that the sentence imposed in Docket No. 55220 in Hartford was ordered to run consecutive only to the sentence which was later vacated. Therefore, he argues, his sentences on CR7-119136 imposed in Meriden and on Docket No. 55220 in Hartford must be construed as concurrent sentences. The petitioner is incorrect.
At the time the petitioner was sentenced on November 16, 1990 he was then serving the concurrent sentences which had been imposed on him on March 23, 1990 and April 10, 1990 as one continuous term of imprisonment. cf. Wilson v. Warden, 34 Conn. App. 503
(1994). In pertinent part, C.G.S. § 53a-38 (b) states, ". . . Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run." This unequivocal language supports the respondent's viewpoint. Accordingly, the petition is dismissed.
Bishop, J. CT Page 4074